THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:  8:08-cv-1074-T-26EAJ

SONYA HUISMAN, as Personal
Representative of the Estate of STEVEN
HUISMAN, deceased,

      Plaintiff,

vs.

PRATT & WHITNEY CANADA, a United
Technologies Co., a foreign corporation;
HONEYWELL INTERNATIONAL, INC., a
foreign corporation; WOODWARD
GOVERNOR CO., a foreign corporation;
RAYTHEON AIRCRAFT CORPORATION,
n/k/a HAWKER BEECHCRAFT
CORPORATION, a foreign corporation;
DYNAMIC AVIATION GROUP, INC., a
foreign corporation; DYNAMIC AVLEASE,
INC., a foreign corporation; DYNAMIC AIR,
a foreign corporation; K & K AIRCRAFT,
INC., a foreign corporation; HARTZELL
PROPELLER INC., a foreign corporation; and
THE UNITED STATES OF AMERICA,

      Defendants.
_____/

## DEFENDANT, HAWKER BEECHCRAFT CORPORATION'S MOTION *IN LIMINE* AND MEMORANDUM OF LAW TO EXCLUDE EVIDENCE OF SDRs, OTHER ACCIDENTS, AND SERVICE PUBLICATIONS

Defendant, HAWKER BEECHCRAFT CORPORATION ("HBC"), by and through its undersigned counsel, requests this Court to grant its Motion *in Limine* to exclude the following evidence that it anticipates Plaintiff will attempt to admit at trial:

1.     <u>Service Difficulty Reports</u>.  At the deposition of Plaintiff's Expert Donald Sommer on April 2, 2010, he produced <u>hundreds</u> of Service Difficulty Reports ("SDRs") as

Exhibit 41.  As explained in detail below, these reports are filled out anonymously by various members of the aviation community regarding a variety of aviation related problems.  The Federal Aviation Administration ("FAA") does not verify any of the information contained within these reports and they do not represent the FAA's findings or conclusions on the existence of a cause or a problem.  Even if it were possible to verify the information contained within the SDRs, the Plaintiff still cannot establish that such evidence is substantially similar to the accident and defect as issue so as to be relevant under Federal Rule of Evidence 401.  In fact, Donald Sommer admitted in deposition that he cannot confirm that any of the SDRs involve a corrosion bridge, as alleged in this case. Finally, the Court should exclude the SDRs pursuant to Federal Rule of Evidence 403, because any probative value the SDRs may have, if any, would be substantially outweighed by the danger of unfair prejudice.

       2.      <u>Other Accidents, Incidents, Litigation, Verdicts, Warranty Claims, and Claims of Other Defects</u>.  It is anticipated that Plaintiff will attempt to admit evidence of other accidents, incidents, litigation, verdicts, warranty claims, and claims of other defects.  Like the SDRs, Plaintiff has not established that such evidence is substantially similar and relevant under Federal Rule of Evidence 401.  Furthermore, whatever probative value the evidence has, if any, would be substantially outweighed by the danger of unfair prejudice under Federal Rule of Evidence 403.

       3.      <u>Service Instructions, Publications, and Bulletins, FAA Advisory Circulars, FAA Special Airworthiness Information Bulletins, and Other Service Related Communications</u>.  Plaintiff's expert Donald Sommer testified that he relied on various service publications, several of which are "relevant to other airplanes."  Plaintiff should not be permitted to admit evidence of these service publications because they are not substantially similar to the accident at issue and any probative value is outweighed by the danger of unfair prejudice.

**I.      BACKGROUND**

This action arises out of an aircraft accident that occurred on June 12, 2006, in Tampa, Florida, involving a surplus military U-21, Beech model 65-890-1 airplane, serial number LM-37, registration number N7043G.  The subject aircraft was manufactured by Beech Aircraft Corporation, now known as HBC, and was delivered to its first purchaser July 28, 1967. Plaintiff alleges liability based upon design and manufacturing defects. Plaintiff contends that an inadvertent activation of the Secondary Low Pitch Stop (SLPS) system in the subject aircraft's right engine caused the accident.  Plaintiff's claim is not, however, that the SLPS system failure actually caused the aircraft to leave controlled flight.  Instead, Plaintiff asserts that the SLPS system malfunctioned due to an electrical short, which was allegedly caused by a corrosion bridge that linked pins 8 and 9 in the SLPS circuit board.  This corrosion bridge caused a warning light to illuminate on the dashboard and the right propeller to feather.  Plaintiff claims that the pilot, the decedent, was unable to remedy the situation, and his ongoing attempts to determine the source of the problem prevented him from handling the landing appropriately, resulting in the subject crash.

**II.     MEMORANDUM OF LAW**

   **A. Plaintiff's SDRs Should Be Excluded Because They are Incomplete, Unverified Documents**

The FAA has a Service Difficulty Reporting System ("System") through which it collects reports from the field of possible aviation related problems.  These reports, known as SDRs, are not findings or conclusions by the FAA on the existence or cause of a problem.  Instead, they are

filled out voluntarily and anonymously[1] by various members of the aviation community and submitted to the FAA electronically or by hard copy. The entities that submit these reports include owners, operators, and repair stations. Manufacturers are not included in this process. While the FAA receives approximately 45,000 submissions per year, most of the reports are only partially completed, and contain vague descriptions about the reported problem. Furthermore, the FAA does not verify any of the information submitted to the SDR database for accuracy. *Trump Taj Mahal, Associates v. NTSB,* 1989 WL 130216, *10 (E.D. Pa. Oct. 31, 1989). As a result, courts have excluded SDRs at trial because they are unverifiable, irrelevant, and cause unfair prejudice and confusion of the issues.

As evidenced by many of the SDRs Plaintiff produced during discovery, the data fields in these reports are only partially completed, and they generally lack even the most basic of information. Typical descriptions, if any, are comprised of vague, fragmented sentences, which offer little insight about the reported malfunction.

Examples from the SDRs Plaintiff produced demonstrate this point. The following figure shows SDR entries that Plaintiff's expert Donald Sommer produced at his April 2, 2010 deposition:

```
                BEECH 1900C         F.O.D.            NONE              UC89          N89UE
PROP BLADE
DAMAGED         HARTZL HCB4M                                            FW812         2717
RT ENGINE                           LANDING                                           0
6111 - PROPELLER BLADE SECTION      94ZZZX6104       1994101400882      08/30/94
                                    CARRIER          GLBA - GREAT LAKES AVIATION LTD
ONE BLADE DESTROYED DURING LANDING WHEN THE AIRCRAFT STRUCK A DEER ON THE RUNWAY. NO OTHER DAMAGE TO
THE AIRCRAFT WAS NOTED. REPLACED THE PROPELLER. VISUAL INSPECTION OF THE ENGINE WAS COMPLIED WITH.
```

---

[1] Once the SDRs are accepted into the data base, all information identifying the submitter is deleted.

4

|  | BEECH 1900D | OTHER | NONE | UE52 | N847CA |
|---|---|---|---|---|---|
| PROPELLER |  |  |  |  |  |
| ADHESION FAILURE | HARTZL HCE4A3A |  |  | HJ56A | 0 |
| LT ENGINE |  | INSP/MAINT |  |  | 1851 |
| 6111 - PROPELLER BLADE SECTION |  | 97777)(3960 | 1997091100894 | 08/27/97 |  |
|  |  | CARRIER | JJBA - CHAMPLAIN ENTERPRISES INC |  |  |
| NICKEL LEADING EDGE DELAMINATION. REPLACED PROPELLER. |  |  |  |  |  |

|  | BEECH 99 | FALSE WARNING | RETURN TO BLOCK | U99 | N217BH |
|---|---|---|---|---|---|
| LOW PITCH LIGHT |  |  |  |  |  |
| CAME ON |  |  |  |  | 25739 |
| R/H |  | TAXI/GRND HDL |  |  | 25739 |
| 6140 - PROPELLER INDICATING SYSTEM |  | NE658783512 | 1987080600015 | 05/20/87 |  |
|  |  | CARRIER | BHAA - BAR HARBOR AIRWAYS INC |  |  |
| CREW REPORTED RT PROP LOW PITCH LIGHT ILLUMINATED DURING TAXI FROM GATE AND STAYED ILLUMINATED. BGR MAINT PERFORMED LOW PITCH TEST AND FOUND WITHIN LIMITS. INSPECTED WIRING AND PICKUP. NO DEFECTS NOTED. |  |  |  |  |  |

|  | BEECH 6590 | OTHER | NONE |  | N |
|---|---|---|---|---|---|
| SEAL RING | PWA PT6A20 |  |  |  |  |
| DISPLACED | HARTZL HCB3T/ |  |  |  | 6 |
| RESET SOLENOID | WOODWARD A210507R | INSP/MAINT |  | 1289700 | 6 |
| 6120 - PROPELLER CONTROLLING SYSTEM |  |  | 1976040100114 |  |  |
|  |  | REPAIR STATION |  |  |  |
| SEAL RING TYPE MATERIAL CAUGHT IN VALVE AND HELD IT OPEN |  |  |  |  |  |

Several of these entries, such as the one involving a deer strike on the runway, are patently irrelevant to the case at issue. Even when the accounts' cryptic notations hint at issues with the propeller controlling system, they fail to provide any information about the make and model of the system, the age or service history of the aircraft, or any information about the nature of the condition or the cause of the incident. In fact, by and large, the reports do not even indicate if the problem was related to maintenance, pilot error, misuse, or the product itself. It is impossible to verify whether the described events occurred at all, especially when considering that these submissions are made anonymously. Further, the SDRs are too remote in time. The most recent one that lists a date is from 1997.

Due to the lack of uniformity, absence of verification, and often incomplete reporting contained in SDRs, the FAA itself recognizes the limitations on using the data contained in these reports. In fact, the FAA specifically warns users of the SDR system that: "[T]his report derives from unverified information submitted by the aviation community without FAA review for accuracy." *See e.g.* portion of February 2010 Publication of SDRs, attached hereto as Exhibit "1". Considering the FAA's warning to users of the SDR system in general, Plaintiff should not be able to present such unverified, incomplete reports to a jury at trial.

Like the FAA, courts have also found that SDRs contain "unverified information submitted by the aviation community without FAA review for accuracy." *Trump Taj Mahal*, 1989 WL 130216 at *3 (finding that the "record is unclear on whether the cracks were identical to the crack in the helicopter in this case"). In *Richardson v. Bombardier, Inc.*, 2005 WL 3087864, *11 (M.D. Fla. November 16, 2005), a product liability case based on Florida substantive law, the plaintiffs sought to introduce SDRs to support their claim arising from an aviation accident. According to plaintiffs, the accident was caused by a defective APS-65 servo mount, which was a component part installed on the accident aircraft's autopilot. Plaintiffs sought to introduce SDRs "reflecting earlier problems with the APS-65 servo mount." *Id*. at *11. The defendants moved to exclude all SDRs from trial on the basis that they were unreliable, unverifiable, and irrelevant because they were not substantially similar to the accident at issue. The court agreed and granted defendants' motion and excluded all SDRs from the trial. *Id*.

In our case, the exact same circumstances are present. Plaintiff seeks to introduce SDRs that are lacking in detail and verification. In fact, the SDRs Plaintiff produced were not even obtained from the FAA directly, but rather from a private company. (Dep. of Donald Sommer, Vol. II, at 167:12-17, cited portions attached as Exhibit "2". Donald Sommer's full deposition

transcript is filed under Docket Entry 127-1 and 127-2.) Whatever information they do contain cannot be verified and cannot reasonably support a basis for substantial similarity to the accident and defect at issue. Since SDRs are simply short, superficial, often cryptic notations from unidentified people in the field of a possible aviation related problem, they would offer no probative value at trial, would be unduly prejudicial, and should be excluded.

### B. Plaintiff's Evidence is not Substantially Similar and Should be Excluded

Even if it was possible to verify the information contained within the SDRs, Plaintiff still has the burden to prove that each SDR she seeks to introduce is substantially similar to the accident and alleged defect at issue for the SDR to be relevant. *See* Federal Rule of Evidence 401 (defining relevant evidence as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); *See also Borden, Inc. v. Florida East Coast Ry. Co.*, 772 F. 2d 750, 754 (11th Cir. 1985) (holding that before evidence of other accidents or incidents is admitted, the proponent must show that such evidence occurred under substantially similar circumstances). Likewise, Plaintiff also has the burden to establish that evidence of: (1) other accidents, incidents, litigation, verdicts, warranty claims, and claims of other defect and (2) service instructions, publications, bulletins, FAA Advisory Circulars, SAIBs and other service related communications, are substantially similar to the defect claim and accident at issue. *Id*. Since the below argument applies to all three categories of evidence, for the remainder of this Motion, HBC will refer to the SDRs, evidence of other claims, and evidence of service communications as "other claims" collectively.

1. **<u>Plaintiff Cannot Establish that the Evidence is Substantially Similar to the Alleged Defect and Accident Circumstance at Issue</u>**

Under Florida substantive law, HBC can only be found liable if the Plaintiff proves that the specific alleged defect in the SLPS box is the proximate cause of the accident in this case. The defect at issue is whether: (1) the SLPS system on the (2) surplus military U-21, Beech model 65-890-1 airplane (3) malfunctioned due to an electrical short, which was allegedly caused by a corrosion bridge that linked pins 8 and 9 in the SLPS circuit board that (4) caused a warning light to illuminate on the dashboard and the right propeller to feather. Plaintiff has not alleged that any other defect is responsible for the accident. Therefore, any evidence of other claims not specifically alleged by Plaintiff to be the proximate cause of the accident in this case is not "substantially similar" and irrelevant under Federal Rule of Evidence 401.

Courts in the Eleventh Circuit may admit evidence of similar accidents or incidents to show the defendant had notice of a defect, the ability to correct a defect, the danger of a defect, and causation. *Jones v. Otis Elevator Co.*, 861 F.2d 655, 661 (11th Cir. 1988). However, courts also recognize the potential prejudicial impact of admitting such evidence. *Id*. As a result, the proponent of the evidence must first establish that: (1) conditions substantially similar to the occurrence in question must have caused the other accident, and (2) the prior accident must not have occurred too remote in time. *Id*. at 661-662.

The proponent of the evidence must establish substantial similarity <u>prior</u> to its admission outside the presence of the jury. *See Nachtsheim v. Beech Aircraft Corp*. 847 F.2d 1261, 1268 (7th Cir 1988). Additionally, the proponent must establish the specific facts of the other accidents so the court may make a reasoned determination as to whether they are substantially similar. *Baker v. Deere and Co.*, 60 F.3d 158, 161 (3d Cir. 1995). Absent such a foundation, it

8

is impossible for a court to make a determination of similarity. *Hardy v. Chemetron Corp.*, 870 F.2d 1007 (5th Cir. 1989). Evidence of other accidents admitted in error is grounds for reversal. *Baker*, 60 F.3d at 164.

Mere similarity is not enough; the adjective "substantial" must be given due consideration. *Nachtsheim v. Beech Aircraft Corp.* 847 F.2d 1261 (7th Cir 1988). For example, evidence of prior accidents will not be admissible if they involve different product models which contain differing design features. *Lewy v. Remington Arms Co.*, 836 F.2d 1104 (8th Cir. 1988). Even if a prior accident does contain the same product model, the other accident must occur in a substantially similar way to the accident at issue. *Nesbit v. Sears Roebuck & Co.*, 415 F. Supp. 2d 530, 535, (E.D. Pa. 2005). Additionally, accidents involving the same product and similar accident circumstances are inadmissible if they are too remote in time. *Hicks v. Six Flag Over Mid-America*, 821 F.2d 1311 (8th Cir. 1987) (evidence of factually similar accident occurring six years prior to accident was deemed too remote in time and excluded).

In *Wilson v. Bicycle South Inc.*, 915 F.2d 1503 (11th Cir. 1990), the Eleventh Circuit affirmed the district court's exclusion of "similar accident" evidence. The plaintiff in *Wilson* suffered head injuries when she fell from a bicycle and filed suit against the bicycle manufacturer, alleging that the rear wheel collapsed as a result of improper manufacturing. The plaintiff sought to introduce evidence of other accidents to show notice to the defendant manufacturer, the defendant's ability to correct a known defect, the lack of safety for intended purposes, the strength of the product, the standard of care, and causation. The trial judge denied the proffer on grounds that the plaintiff failed to provide the "<u>considerable amount of extrinsic evidence</u> [necessary] to determine whether the incidents were sufficiently similar." *Id.* at 1510

(emphasis added). The appellate court affirmed, reasoning that the district judge did not abuse his discretion in excluding the evidence. *Id*.

Additionally, courts are particularly careful in ensuring that the movant provides proof of substantial similarity when seeking to admit a database of accidents/complaints/reports, such as the Plaintiff is attempting to do here. As the Texas Supreme Court observed:

> To sum up, product defects must be proved; they cannot simply be inferred from a large number of complaints. **If the rule were otherwise, product claims would become a self-fulfilling prophecy-the more that are made, the more likely all must be true**.

*Nissan Motor Co. Ltd. v. Armstrong*, 145 S.W.3d 131, 142 (Tex. 2004) (emphasis added). *See also Ford Motor Co.*, 971 So. 2d 854, 858 (Fla. 3d DCA 2007) (reversing a plaintiff's verdict in a rollover accident case because the trial court "allowed testimony and comment to the effect that Ford caused 'hundreds' of injuries and deaths in other rollover accidents involving the Ford Explorer without requiring plaintiff to establish a substantial similarity between those accidents and the one involving plaintiff").

Plaintiff cannot meet her burden of establishing that the other claims are substantially similar to the accident and circumstances at issue. In fact, Plaintiff's own expert, Donald Sommer, admitted during deposition that many of the SDRs produced are irrelevant to his opinions. (See Ex. 2, Dep. of Donald Sommer, Vol. II, at 166:8-12.) Sommer also admitted that not all of the SDRs involve issues with the SLPS light or Plaintiff's defect claims:

> Q. They don't all deal with a situation where the secondary low pitch stop light illuminated during flight, do they?
>
> **A. Correct.**
>
> Q. And you can't tell me from looking at any particular one of these whether or not the perceived or reported failure mechanism was due to corrosion, can you?

10

**A. Unless it says so. I would have to look at each one individually. There is indications of corrosion.**

Q. Unless it specifically says corrosion in here, you don't know whether it was or wasn't, right?

**A. I would have to look at the scenario to see if I could generate an opinion. But all I know in those SDRs is what the text in the SDR tells me.**

…

Q. It would be fair to say, wouldn't it, sir, you can't tell me that any single one of these SDRs has anything to do with an alleged corrosion bridge between pins 8 and 9, can you?

**A. I haven't looked at it with that concept. I can't tell you whether I could or not.**

Q. Well, I have looked through them. I can't. When you have a chance to look through them, you can go farther.

**A. I will take your testimony to heart.**

(Ex. 2, Dep. of Donald Sommer, Vol. II, at 166:13 - 169:6.)

Sommer further admits that the two service bulletins or service letters that he referenced do not apply to this model aircraft at issue:

Q. Sir, you referenced two relative service bulletins or service letters that you felt were relevant to this?

**A. They are relevant to other airplanes. They don't happen to apply directly to this airplane, but they give you a great repair (sic) for the improprieties of this system or the unsafe aspects of this system.**

(Ex. 2, Dep. of Donald Sommer, Vol. II, at 169:7-14.)

Evidence of other claims that "don't happen to apply directly to this airplane" is not substantially similar to the alleged defect and accident in this case. *See Lewy v. Remington Arms*

11

*Co.*, 836 F.2d 1104 (8th Cir. 1988). Such evidence has little to no probative value, is irrelevant, and should be excluded.[2]

### C. Evidence Concerning Other Claims Would Be Unfairly Prejudicial and Cause Confusion and Undue Delay

Any evidence regarding other unrelated claims should also be precluded pursuant to Federal Rule of Evidence 403. Any potential probative value they may have would be substantially outweighed by the danger of unfair prejudice, confusion of issues, and misleading of the jury.

In *Nachtsheim v. Beech Aircraft Corp*. 847 F.2d 1261, 1269 (7th Cir 1988), a case arising from an aviation accident, the plaintiff sought to introduce evidence of other incidents/defect claims. The defendants moved to exclude such evidence on the basis that the other defect claims were not substantially similar to the accident at issue. The court granted defendants' motion and explained:

> As the circumstances and conditions of the other accidents become less similar to the accident under consideration, the probative force of such evidence decreases. At the same time, the danger that the evidence will be unfairly prejudicial remains. **The jury might infer from evidence of the prior accident alone that ultra-hazardous conditions existed ... and were the cause of the later accident without those issues ever having been proved**.

*Id*. (internal citation omitted) (emphasis added). The court further explained that even if the plaintiff could prove substantial similarity, the evidence was still properly excluded:

---

[2] If the Court excludes evidence of other claims, the Plaintiff should not be permitted to introduce the inadmissible evidence through expert testimony. *Nachtsheim*. 847 F.2d at 1270. The court in *Nachtsheim* addressed this specific issue in the context of aviation crashes. *Id*. The plaintiff attempted to introduce excluded evidence of other accidents through the testimony of an expert witness who had relied on the inadmissible evidence in forming his opinion about causation. The district court did not permit expert testimony in this regard, and only permitted the expert to testify that he relied on excluded evidence. The Seventh Circuit affirmed, finding that Federal Rule of Evidence 703 does not permit experts to testify about inadmissible evidence. *Id*.

> In addition, the costs-in terms of time, distraction and, possibly, prejudice-resulting from such evidence also may weigh against admissibility. Accordingly, **even when substantial identity of the circumstances is proven**, the admissibility of such evidence lies within the discretion of the trial judge who **must weigh the dangers of unfairness, confusion, and undue expenditure of time in the trial of collateral issues against the factors favoring admissibility**.

*Id*. (internal citation omitted) (emphasis added).

Other courts have employed the same reasoning in determining that evidence of other accidents and claims, although relevant and probative, were still inadmissible. *See e.g*. *Agrofollajes v. E.I. Du Pont de Numours & Co*., 2009 WL 4828975, *15 (Fla. 3d DCA Dec. 16, 2009). ("However, even when the probative value of evidence is undisputed, the trial court must still consider whether its introduction is substantially outweighed by the danger of unfair prejudice," explaining, "[t]he plaintiffs were further allowed to enter photos into evidence of the alleged damage sustained by the non-parties to reinforce their testimony. This evidence improperly became a feature of the trial and was unfairly prejudicial.") (internal citations omitted).

The courts' reasoning and findings in the cases above is also applicable here. Aviation accidents, by their very nature, involve complex issues and facts that a jury will have to thoughtfully consider in rendering a verdict. The admission of other claims not alleged to have proximately caused the accident in this case will very likely confuse the jury, confuse the issues of the case, and waste valuable time in the "trial of collateral issues," as it would be incumbent on HBC to distinguish such evidence admitted at trial. Furthermore, the admission of such evidence will be unduly prejudicial to HBC, as the jury might improperly infer that any of the reported defects, which are unverified and unproven, were the cause of the accident here.

13

Instead, excluding this evidence will increase the likelihood of a verdict based upon the facts of this accident, as opposed to some generalized prejudice caused by confusion.

### III.     CONCLUSION

For the reasons set forth above, HBC requests that this Court grant its Motion and enter an Order excluding from the trial of this matter any testimony or other evidence, argument, or statement concerning any other claims which are dissimilar and are unrelated to the alleged defect and accident circumstance in this case.

## IV. CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that pursuant to Local Rule 3.01(g), counsel for HBC conferred with counsel for the Plaintiff regarding the relief requested herein, but the parties and their counsel have been unable to reach a resolution of these matters.

                    s/ L. Robert Bourgeois _____
L. Robert Bourgeois, Esquire
Florida Bar No: 0781540
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Boulevard, Suite 1500
Tampa, FL  33602
Telephone No:  (813) 221-1500
Fax No:            (813) 222-3066
Email: bbourgeois@bankerlopez.com
*Attorneys for Defendant Hawker Beechcraft Corp.*

Michael G. Jones, Esquire
MARTIN, PRINGLE, OLIVER, WALLACE
& BAUER, LLP
500 Bank of America Center
100 N. Broadway, Suite 500
Wichita, KS 67202
Telephone No.:         (316) 265-9311
Fax No.:                    (316) 265-2955
Email:   mgjones@martinpringle.com
*Of Counsel for Defendants Hawker Beechcraft Corp.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 2, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ L. Robert Bourgeois
L. Robert Bourgeois, Esquire
Florida Bar No: 0781540
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Boulevard, Suite 1500
Tampa, FL 33602
Telephone No: (813)221-1500
Fax No: (813)222-3066
Email: bbourgeois@bankerlopez.com
*Attorneys for Defendant Hawker Beechcraft Corp.*

Michael G. Jones, Esquire
MARTIN, PRINGLE, OLIVER, WALLACE
& BAUER, LLP
500 Bank of America Center
100 N. Broadway, Suite 500
Wichita, KS 67202
Telephone No.: (316) 265-9311
Fax No.: (316) 265-2955
Email: mgjones@martinpringle.com
*Of Counsel for Defendant Hawker Beechcraft Corp.*

**SERVICE LIST**
*Huisman v Hawker Beechcraft, Et Al.*
*Case No: 8:08-cv-1074-T-26EAJ*

| | |
|---|---|
| **Ricardo M. Martinez-Cid, Esquire**<br>Florida Bar No.: 383988<br>**Steven S. Marks, Esquire**<br>Florida Bar No.: 516414<br>PODHURST ORSECK, P.A.<br>25 West Flagler Street, Suite 800<br>Miami, FL 33130<br>Telephone No.: (305) 358-2800<br>Fax No.: (305) 358-2382<br>Email: rmcid@podhurst.com<br>Email: smarks@podhurst.com<br>*Attorneys for Plaintiff*<br>Service by: CM/ECF | **Anaysa Gallardo, Esquire**<br>**Richard M. Dunn, Esquire**<br>COZEN O'CONNOR<br>Wachovia Financial Center<br>200 S. Biscayne Boulevard, Suite 4410<br>Miami, FL 33131<br>Telephone No.: (305) 704-5940<br>Fax No.: (305) 704-5955<br>Email: agallardo@cozen.com<br>Email: rdunn@cozen.com<br>*Attorneys for Defendant*<br>*Pratt & Whitney Canada*<br>Service by: CM/ECF |
| **Francis A. Anania, Esquire**<br>**Daniel K. Bandklayder, Esquire**<br>ANANIA, BANDKLAYDER, BAUMGARTEN,<br>TORRICELLA & STEIN<br>100 SE 2nd Street, Suite 4300<br>Miami, FL 33131<br>Telephone No.: (305) 373-4900<br>Fax No.: (305) 373-6914<br>Email: Fanania@Anania-law.com<br>*Attorneys for Defendant*<br>*Woodward Governor Co.*<br>Service by: CM/ECF | **Thomas E. Scott, Jr., Esquire**<br>COLE, SCOTT & KISSANE, P.A.<br>9150 South Dadeland Blvd., Suite 1400<br>Miami, FL 33156<br>Telephone No.: (305) 350-5385<br>Fax No.: (305) 373-2294<br>Email: Thomas.scott@csklegal.com<br>*Attorneys for Defendant*<br>*Honeywell International, Inc.*<br>Service by: CM/ECF |
| **Juan R. Serrano, Esquire**<br>GRIFFIN & SERRANO, P.A.<br>Blackstone Building, Sixth Floor<br>707 Southeast 3rd Avenue<br>Ft. Lauderdale, FL 33316<br>Telephone No.: (954) 462-4002<br>Fax No.: (954) 462-4009<br>Email: jserrano@griffinserrano.com<br>*Attorneys for Dynamic Avlease, Inc. & K&K*<br>*Aircraft, Inc.*<br>Service by: CM/ECF | **F. Bradley Hassell, Esquire**<br>HASSELL, MOORHEAD & CARROLL<br>Post Office Box 2229<br>Daytona Beach, FL 32115 2229<br>Telephone: (386) 238-1357<br>Fax No.: (386) 258-7406<br>Email: FBH@Hassell-Legal.com<br>*Attorneys for Hartzell Propeller, Inc.*<br>Service by: CM/ECF |

| | |
|---|---|
| **Debra D. Fowler, Esquire**<br>U.S. DEPARTMENT OF JUSTICE<br>Civil Division, Torts Branch<br>Post Office Box 14271<br>Washington, D.C. 20044-4271<br>Telephone:  (202) 616-4025<br>Fax No:       (202) 616-4002<br>*Attorneys for the United States of America*<br>Service by:  CM/ECF | **J. Christian Moller, Esquire**<br>**Charles W. Mulaney, Esquire**<br>PERKINS COIE<br>1201 Third Avenue, Suite 4800<br>Seattle, WA 98101-3099<br>Telephone:  (206) 359-8634<br>Fax No:       (206) 359-9634<br>Email:  cmoller@perkinscoie.com<br>*Pro Hac Vice*<br>*Co-counsel for Honeywell International, Inc.*<br>Service by:  U. S. Mail |
| **Robert C. Bauroth, Esquire**<br>WICKER, SMITH, O'HARA<br>515 East Las Olas Blvd.<br>SunTrust Center, Suite 1400<br>P. O. Box 14460<br>Ft. Lauderdale FL 33302<br>Telephone No:  (954) 467-6405<br>Fax No:            (954) 760-9353<br>Email:  rbauroth@wickersmith.com<br>*Attorneys for Defendant Dynamic Aviation Group, Inc.*<br>Service by:  CM/ECF | |

W0154088.DOCX