THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:  8:08-cv-1074-T-26EAJ

SONYA HUISMAN, as Personal
Representative of the Estate of STEVEN
HUISMAN, deceased,

       Plaintiff,

vs.

PRATT & WHITNEY CANADA, a United
Technologies Co., a foreign corporation;
HONEYWELL INTERNATIONAL, INC., a
foreign corporation; WOODWARD
GOVERNOR CO., a foreign corporation;
RAYTHEON AIRCRAFT CORPORATION,
n/k/a HAWKER BEECHCRAFT
CORPORATION, a foreign corporation;
DYNAMIC AVIATION GROUP, INC., a
foreign corporation; DYNAMIC AVLEASE,
INC., a foreign corporation; DYNAMIC AIR,
a foreign corporation; K & K AIRCRAFT,
INC., a foreign corporation; HARTZELL
PROPELLER INC., a foreign corporation; and
THE UNITED STATES OF AMERICA,

       Defendants.
_____/

**DEFENDANT HAWKER BEECHCRAFT CORPORATION'S
MOTION IN LIMINE TO LIMIT EVIDENCE
OF ALLEGED DEFECTS ON THE SUBJECT AIRCRAFT
TO EVIDENCE RELEVANT UNDER THE NARROW GARA EXCEPTION INVOKED**

Defendant HAWKER BEECHCRAFT CORPORATION ("HBC"), by and through its undersigned counsel, requests this Court to grant its Motion in Limine to limit evidence of alleged defects on the Subject Aircraft to evidence relevant under the narrow exception to the General Aviation Revitalization Act ("GARA") Plaintiff invoked in this case.  HBC seeks to

exclude irrelevant argument, testimony, and/or evidence of any causal issues or defects of any part of the Subject Aircraft other than the circuit board corresponding to the right engine.

In support of this motion, HBC states as follows: HBC anticipates that Plaintiff intends to offer evidence that her experts are critical of the secondary low pitch stop system ("SLPS system") in general; that they are critical of the SLPS box (a metal box that houses the SLPS circuit boards); and that Plaintiff may attempt to offer evidence of other alleged defects concerning parts or components of the Subject Aircraft. As demonstrated below, however, the only part at issue in this case is the circuit board associated with the SLPS on the right engine.[1] Because no other part of the Subject Aircraft is relevant to Plaintiff's claims in this lawsuit, evidence that any other part of the Subject Aircraft was defectively designed or defectively manufactured is irrelevant, substantially and unduly prejudicial, and should not be admitted. The following legal memorandum is filed in further support of this motion in limine.

## I.   STATEMENT OF RELEVANT FACTS

It is undisputed that the Subject Aircraft was originally manufactured in 1967 and was delivered to its first purchaser, the United States Army, that same year. (*See* HBC's Statement of Undisputed Facts in Support of Its Motion for Summary Judgment, Dkt. #112, SOFs 7-8 and Plaintiff's responses thereto, Dkt. #124.)[2] The parties agree that the Subject Aircraft was more than 38 years old on the date of the accident at issue in this lawsuit, and that it had a maximum seating capacity of fewer than 20 passengers. (HBC's SOFs 11-12 and Plaintiff's responses thereto.) Further, the parties agree that the Subject Aircraft was not engaged in scheduled

---

[1]   The circuit board associated with the SLPS on the right-hand engine is the only part of the Subject Aircraft that Plaintiff claims was replaced within 18 years of the accident. Therefore, it is the only part of the Subject Aircraft that could possibly be subject to the General Aviation Revitalization Act's rolling provision. (N.B. Despite Plaintiff's claim to the contrary, HBC maintains its position that there is uncontroverted evidence that this circuit board was not replaced within 18 years of the accident and that HBC is entitled to judgment as a matter of law based upon GARA.)

[2]   Hereinafter, referenced as "HBC's SOFs."

2

passenger carrying operations as defined under regulations in effect under the Federal Aviation Act of 1958. (HBC's SOF 13 and Plaintiff's response thereto.) The parties also agree that HBC never maintained, operated, repaired, or had possession of the Subject Aircraft since its initial delivery in 1967. (HBC's SOF 10 and Plaintiff's response thereto.)

Plaintiff claims that the circuit board corresponding to the right engine was replaced on March 2, 2006. (*See* Plaintiff's response to HBC's SOF 23.) If this were true[3], it might constitute a replacement part added to the Subject Aircraft within 18 years of the accident, as required to avoid the bar of GARA's statute of repose with respect to claims caused by the failure of that part. (*See* Coffman Depo. at 38:17-24, attached hereto as Ex. A [containing plaintiff's expert's candid admission that one of his duties was to help Plaintiff get around GARA by finding a part that was placed on the Subject Aircraft within 18 years of the accident].)

It is anticipated, however, that Plaintiff will attempt to present evidence of alleged defects and causation linking other parts of the Subject Aircraft to the accident at issue in this case. For example, Plaintiff's experts were mostly critical of the design of the metal box that housed the SLPS circuit boards. They made several criticisms, including that the holes in the box permitted moisture and corrosive elements such as salt water to damage the circuit boards. It is uncontroverted, however, that this SLPS box was on the Subject Aircraft for more than 18 years prior to the accident. (*See* HBC's SOF 23 and Plaintiff's nonresponsive answer thereto.) As discussed in the Argument and Authority section, GARA generally bars products liability claims where the allegedly-defective part was installed more than 18 years prior to the accident, regardless of whether the plaintiff can causally tie the part to the accident.

---

[3] The suggestion of a fact question on this issue is the only reason Plaintiff could have defeated Defendants' motion on GARA. No circuit board was replaced, however, which Defendants believe is established by Dynamic's Requests for Admissions answers, and which will otherwise be shown at trial.

3

It is also anticipated that Plaintiff will attempt to present blanket evidence that certain of the King Air series aircraft (the civilian counterpart of this surplus military U-21) were "plagued by problems" because of the SLPS system. (Sommer Depo. at 55:23-56:14, attached hereto as Ex. B.) According to Plaintiff's expert, Donald Sommer, "They were taking [the SLPS system] out of airplanes as quickly as they could because they were problematical." (Sommer Depo. at 56:20-22.)

Mr. Sommer, however, acknowledged that the SLPS removal kit was not applicable to the military version of the aircraft, which would include the Subject Aircraft. (Sommer Depo. at 82:22 – 83:7.) Further, there is no evidence anywhere in the record that the history of the SLPS system and why its inclusion in certain civilian aircraft was discontinued are in any way related to Plaintiff's claims in this case.

## II.  ARGUMENT AND AUTHORITIES

### A.  The General Aviation Revitalization Act

The General Aviation Revitalization Act, 49 U.S.C. § 40101 (Note 1994); Pub. L. 103-298, 108 Stat. 1552 (1994), provides an 18 year statute of repose specifically applicable to actions involving general aviation aircraft. It is applicable in all American courts, both state and federal. Aircraft in successful service for 18 years are conclusively deemed to be non-defective and cannot be the basis for any action, thus giving the relevant manufacturers appropriate "repose" from any further liability related to the aircraft.

Under GARA, if a new or replacement part is installed on an aircraft within the original 18-year period of repose, the repose period "rolls" and begins again as to the manufacturer of that newly-installed part, if the accident at issue was caused by that part. *E.g., Campbell v. Parker-Hannifin Corp.,* 82 Cal.Rptr.2d 202, 209 (Cal. Ct. App. 1999). For the rolling feature to apply, Plaintiff must: (1) identify a new or replacement part that was placed on the Subject

4

Aircraft within 18 years before the accident; (2) direct her claims at that part's manufacturer; and (3) establish that the replacement part caused Plaintiff's injury. *Id.*

Because it is uncontroverted that GARA applies to the Subject Aircraft – and because the only exception Plaintiff identified is the replacement part provision – it stands to reason that Plaintiff should only be able to present evidence of alleged defects with respect to the single part that she claims was both (1) installed on the Subject Aircraft within 18 years of the accident and (2) causally related to the accident. *E.g., Sheesley v. Cessna Aircraft Co.,* 2006 WL 3042793 (D. S.D. October 24, 2006). In that case, defendant Cessna moved in limine to exclude the plaintiffs from presenting evidence of any defect in the accident aircraft other than the left westgate elbow. *Id.* at *6. First, the court determined that GARA barred a cause of action for defects other than the left westgate elbow, because that was the only part replaced within 18 years of the accident that plaintiffs claimed was causally related to the accident. *Id.* at *7-8. The plaintiffs, therefore, could not recover for defects in parts or components other than the left westgate elbow. *Id.* at *8. Next, the court analyzed whether evidence of alleged defects in parts or components other than the left westgate elbow would be irrelevant under FED. R. EVID. 401 and/or more prejudicial than probative under FED. R. EVID. 403. The court determined that defects in the design of other parts or components would not be relevant to explain how a defective left westgate elbow caused the aircraft to crash. *Id.* at *8. Evidence that other parts or components were defective, therefore, was not relevant or admissible because GARA already barred Cessna from liability based upon those other parts or components. *Id.*

The court then considered whether – even if relevant – the evidence of defective design of the other parts or components should be excluded as more prejudicial than probative. *Id.* It found "substantial risk" of unfair prejudice because, "There is substantial risk that the jury will

5

impermissibly infer that the left westgate elbow is defective because Cessna defectively designed other components." *Id.*

Further, allowing the plaintiffs to present evidence of defective design of parts or components for which GARA barred liability, would only "result in an unnecessary mini-trial" regarding the alleged defects, even though the plaintiffs could not recover for such defects. *Id.* In short, the court excluded evidence of design defects for which GARA barred recovery. *Id.* at *9. "Plaintiffs can only offer evidence of defects in parts that were replaced within 18 years of the accident." *Id.*

In the case at bar the only part that Plaintiff claims (1) was placed on the Subject Aircraft within 18 years of the accident and (2) is causally related to the accident is a circuit board that she alleges was installed in March 2006. Her experts' criticisms of the SLPS box, their generalized criticisms of the history that they say "plagued" the SLPS system, and any other evidence, expert opinion, argument, or testimony concerning any other part should, therefore, be excluded from evidence at trial.

As in *Sheesley,* the evidence should be excluded both because it is irrelevant and because whatever probative value it may have is substantially outweighed by the risk of unfair prejudice, confusion of issues, and the danger of misleading the jury. The potential for unfair prejudice and misleading the jury is very real in this case. If, for example, Plaintiff is permitted to offer opinion testimony from her experts that: the SLPS box should "absolutely" be of a different design; it is the "worst-designed box" that one of her experts has ever seen in his life; "whoever designed this box, did not know anything about what they were doing;" and that the holes in the box are "ridiculous" and "not useful;" then the jury might well believe that Plaintiff can recover in this lawsuit if it finds that the SLPS box was, in fact, defectively designed. Alternatively, the

6

jury may believe that the circuit boards were defectively designed based solely on a finding that the SLPS box was defective. (*See* Bloomfield Depo. at 72: 5–6; 73: 16–18; 74: 12-13; 132: 1-8, attached hereto as Ex. C.)

Leaving aside the merits of those opinions, the admission of such testimony would be highly prejudicial. Allowing such evidence would be squarely contrary to GARA's conclusive determination that aspects of the aircraft over 18 years are not defective because they have been proven by the passage of time. It is undisputed that – even if the SLPS box was defectively designed and even if the defect caused Plaintiff's injuries – GARA precludes recovery for any claim based upon a defect in anything other than the one circuit board Plaintiff claims was replaced in March 2006 (providing that Plaintiff can meet her burden of proof to show it was, in fact, replaced within 18 years and that it is causally related to the accident).

Nor should Plaintiff be heard to argue that the repose period for the SLPS box or the system as a whole is somehow tolled if the rolling provision applies to the circuit board. *E.g., Hiser v. Bell Helicopter Textron, Inc.,* 4 Cal.Rptr.3d 249 (Cal. Ct. app. 2003) (finding that the repose period only rolls for an entire system if every part within the system is replaced). Here, it is undisputed that the SLPS box was not replaced within 18 years of the accident.

### B.  The Florida Statute of Repose

The Florida Statute of Repose also supports HBC's motion in limine to exclude evidence of defects in any part or component of the Subject Aircraft other than the one circuit board Plaintiff claims was replaced in March 2006. Fla. Stat. § 95.031(2)(b). *See Butchosky v. Enstrom Helicopter Corp.,* 855 F.Supp. 1251, 1254, 1255 (S.D. Fla. 1993).

### III.  CONCLUSION

WHEREFORE, HBC respectfully requests this Court's order in limine to exclude from trial the admission of any evidence, argument, reference, opinion, and/or argument (whether

direct or indirect), that any part, component, system, or subsystem of the Subject Aircraft – other than the one circuit board she claims was replaced in March 2006 – was defective or was in any manner causally related to Plaintiff's claimed injuries in this case.  HBC further petitions this Court for any other relief the Court deems just and appropriate.

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that pursuant to Local Rule 3.01(g), counsel for HBC has conferred with counsel for the Plaintiff regarding the relief requested herein, but the parties and their counsel have been unable to reach a resolution of these matters.

Respectfully submitted,

s/ L. Robert Bourgeois
L. Robert Bourgeois, Esquire
Florida Bar No: 0781540
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Boulevard, Suite 1500
Tampa, FL  33602
Telephone No:  (813)221-1500
Fax No:       (813)222-3066
Email: bbourgeois@bankerlopez.com
*Attorneys for Defendant Hawker Beechcraft Corp.*

Michael G. Jones, Esquire
MARTIN, PRINGLE, OLIVER, WALLACE
& BAUER, LLP
500 Bank of America Center
100 N. Broadway, Suite 500
Wichita, KS 67202
Telephone No.:       (316) 265-9311
Fax No.:              (316) 265-2955
Email:  mgjones@martinpringle.com
*Of Counsel for Defendant Hawker Beechcraft Corp.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 2, 2010, I served the foregoing document by e-mail upon the parties listed below on the service list.

## SERVICE LIST

Huisman v Hawker Beechcraft, Et Al.
Case No:  8:08-cv-1074-T-26EAJ

| | |
|---|---|
| **Ricardo M. Martinez-Cid, Esquire**<br>Florida Bar No.:  383988<br>**Steven S. Marks, Esquire**<br>Florida Bar No.:  516414<br>PODHURST ORSECK, P.A.<br>25 West Flagler Street, Suite 800<br>Miami, FL 33130<br>Telephone No.:  (305) 358-2800<br>Fax No.:          (305) 358-2382<br>Email: rmcid@podhurst.com<br>Email: smarks@podhurst.com<br>*Attorneys for Plaintiff*<br>Service by:  CM/ECF | **Anaysa Gallardo, Esquire**<br>**Richard M. Dunn, Esquire**<br>COZEN O'CONNOR<br>Wachovia Financial Center<br>200 S. Biscayne Boulevard, Suite 4410<br>Miami, FL 33131<br>Telephone No.:  (305) 704-5940<br>Fax No.:          (305) 704-5955<br>Email: agallardo@cozen.com<br>Email: rdunn@cozen.com<br>*Attorneys for Defendant*<br>*Pratt & Whitney Canada*<br>Service by:  CM/ECF |
| **Francis A. Anania, Esquire**<br>**Daniel K. Bandklayder, Esquire**<br>ANANIA, BANDKLAYDER, BAUMGARTEN,<br>TORRICELLA & STEIN<br>100 SE 2nd Street, Suite 4300<br>Miami, FL 33131<br>Telephone No.:  (305) 373-4900<br>Fax No.:          (305) 373-6914<br>Email: Fanania@Anania-law.com<br>*Attorneys for Defendant*<br>*Woodward Governor Co.*<br>Service by:  CM/ECF | **Thomas E. Scott, Jr., Esquire**<br>COLE, SCOTT & KISSANE, P.A.<br>9150 South Dadeland Blvd., Suite 1400<br>Miami, FL 33156<br>Telephone No.:  (305) 350-5385<br>Fax No.:          (305) 373-2294<br>Email: Thomas.scott@csklegal.com<br>*Attorneys for Defendant*<br>*Honeywell International, Inc.*<br>Service by:  CM/ECF |
| **Juan R. Serrano, Esquire**<br>GRIFFIN & SERRANO, P.A.<br>Blackstone Building, Sixth Floor<br>707 Southeast 3rd Avenue<br>Ft. Lauderdale, FL 33316<br>Telephone No.:  (954) 462-4002<br>Fax No.:          (954) 462-4009<br>Email: jserrano@griffinserrano.com<br>*Attorneys for Dynamic Avlease, Inc. & K&K Aircraft, Inc.*<br>Service by:  CM/ECF | **F. Bradley Hassell, Esquire**<br>HASSELL, MOORHEAD & CARROLL<br>Post Office Box 2229<br>Daytona Beach, FL 32115 2229<br>Telephone:  (386) 238-1357<br>Fax No.:   (386) 258-7406<br>Email: FBH@Hassell-Legal.com<br>*Attorneys for Hartzell Propeller, Inc.*<br>Service by:  CM/ECF |

| | |
|---|---|
| **Debra D. Fowler, Esquire**<br>U.S. DEPARTMENT OF JUSTICE<br>Civil Division, Torts Branch<br>Post Office Box 14271<br>Washington, D.C. 20044-4271<br>Telephone:  (202) 616-4025<br>Fax No:       (202) 616-4002<br>*Attorneys for the United States of America*<br>Service by:  CM/ECF | **J. Christian Moller, Esquire**<br>**Charles W. Mulaney, Esquire**<br>PERKINS COIE<br>1201 Third Avenue, Suite 4800<br>Seattle, WA 98101-3099<br>Telephone:  (206) 359-8634<br>Fax No:       (206) 359-9634<br>Email:  cmoller@perkinscoie.com<br>*Pro Hac Vice*<br>*Co-counsel for Honeywell International, Inc.*<br>Service by:  CM/ECF |
| Robert C. Bauroth, Esquire<br>WICKER, SMITH, O'HARA<br>515 East Las Olas Blvd.<br>SunTrust Center, Suite 1400<br>P. O. Box 14460<br>Ft. Lauderdale FL 33302<br>Telephone No:  (954) 467-6405<br>Fax No:          (954) 760-9353<br>Email:  rbauroth@wickersmith.com<br>*Attorneys for Defendant Dynamic Aviation Group, Inc.*<br>Service by:  CM/ECF | |

        s/ L. Robert Bourgeois
L. Robert Bourgeois, Esquire
Florida Bar No: 0781540
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Boulevard, Suite 1500
Tampa, FL  33602
Tel No:  (813)221-1500; Fax No: (813)222-3066
Email: bbourgeois@bankerlopez.com
*Attorneys for Defendant Hawker Beechcraft Corp.*

Michael G. Jones, Esquire
MARTIN, PRINGLE, OLIVER, WALLACE
& BAUER, LLP
500 Bank of America Center
100 N. Broadway, Suite 500
Wichita, KS 67202
Tel No.: (316) 265-9311; Fax No.: (316) 265-2955
Email:  mgjones@martinpringle.com
*Of Counsel for Defendant Hawker Beechcraft Corp.*

W0554539.DOCX

10