THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:  8:08-cv-1074-T-26EAJ

SONYA HUISMAN, as Personal
Representative of the Estate of STEVEN
HUISMAN, deceased,

       Plaintiff,

vs.

PRATT & WHITNEY CANADA, a United
Technologies Co., a foreign corporation;
HONEYWELL INTERNATIONAL, INC., a
foreign corporation; WOODWARD
GOVERNOR CO., a foreign corporation;
RAYTHEON AIRCRAFT CORPORATION,
n/k/a HAWKER BEECHCRAFT
CORPORATION, a foreign corporation;
DYNAMIC AVIATION GROUP, INC., a
foreign corporation; DYNAMIC AVLEASE,
INC., a foreign corporation; DYNAMIC AIR,
a foreign corporation; K & K AIRCRAFT,
INC., a foreign corporation; HARTZELL
PROPELLER INC., a foreign corporation; and
THE UNITED STATES OF AMERICA,

       Defendants.
_____/

**DEFENDANT HAWKER BEECHCRAFT CORPORATION'S
RENEWED MOTION *IN LIMINE* TO LIMIT EVIDENCE
OF ALLEGED DEFECTS ON THE SUBJECT AIRCRAFT
TO EVIDENCE RELEVANT UNDER THE NARROW GARA EXCEPTION INVOKED
AND REQUEST FOR ORAL ARGUMENT**

Defendant HAWKER BEECHCRAFT CORPORATION ("HBC"), by and through its

undersigned counsel, requests this Court to grant its Renewed[1] Motion *in Limine* to limit

---

[1] HBC originally filed this Motion *in Limine* with the Court on July 2, 2010. [Doc. 153].  On July
6, 2010, Judge Lazzara issued an order denying the Motion without prejudice, requesting instead

evidence of alleged defects on the Subject Aircraft to evidence relevant under the narrow exception to the General Aviation Revitalization Act ("GARA") Plaintiff invoked in this case. HBC seeks to exclude irrelevant argument, testimony, and/or evidence of any causal issues or defects of any part of the Subject Aircraft other than the circuit board corresponding to the right engine.  Pursuant to Local Rule 3.01(j), HBC further requests this Court to grant oral argument on the instant Motion.  It is estimated that the time required for the argument is one hour.

In support of this Motion, HBC states as follows:  HBC anticipates that Plaintiff intends to offer evidence that her experts are critical of the secondary low pitch stop system ("SLPS system") in general; that they are critical of the SLPS box (a metal box that houses the SLPS circuit boards); and that Plaintiff may attempt to offer evidence of other alleged defects concerning parts or components of the Subject Aircraft, and that the use of the SLPS system was discontinued on later aircraft that utilized different engines.  As demonstrated below, however, the only part at issue in this case is the circuit board associated with the SLPS on the right engine.[2]  Because no other part of the Subject Aircraft is relevant to Plaintiff's claims in this lawsuit, evidence that any other part of the Subject Aircraft was defectively designed or defectively manufactured is irrelevant, substantially and unduly prejudicial, and should not be admitted.  The following legal memorandum is filed in further support of this motion *in limine*.

---

that the parties raise all evidentiary issues in the trial briefs. [Doc. 159].  HBC addressed the evidentiary issues contained within this Motion in its trial brief, but renews the Motion so that this Court may issue a ruling on same prior to trial.

[2]  The circuit board associated with the SLPS on the right-hand engine is the only part of the Subject Aircraft that Plaintiff claims was replaced within 18 years of the accident.  Therefore, it is the only part of the Subject Aircraft that could possibly be subject to the General Aviation Revitalization Act's rolling provision.

I.   STATEMENT OF RELEVANT FACTS

It is undisputed that the Subject Aircraft was originally manufactured in 1967 and was delivered to its first purchaser, the United States Army, that same year. (*See* HBC's Statement of Undisputed Facts in Support of Its Motion for Summary Judgment, Doc. 112, SOFs 7-8 and Plaintiff's responses thereto, Doc. 124.)[3] The parties agree that the Subject Aircraft was more than 38 years old on the date of the accident at issue in this lawsuit, and that it had a maximum seating capacity of fewer than 20 passengers. (HBC's SOFs 11-12 and Plaintiff's responses thereto.) Further, the parties agree that the Subject Aircraft was not engaged in scheduled passenger carrying operations as defined under regulations in effect under the Federal Aviation Act of 1958. (HBC's SOF 13 and Plaintiff's response thereto.) The parties also agree that HBC never maintained, operated, repaired, or had possession of the Subject Aircraft since its initial delivery in 1967. (HBC's SOF 10 and Plaintiff's response thereto.)

Plaintiff claims that the circuit board corresponding to the right engine was replaced on March 2, 2006. (*See* Plaintiff's response to HBC's SOF 23.) If this were true[4], it might constitute a replacement part added to the Subject Aircraft within 18 years of the accident, as required to avoid the bar of GARA's statute of repose with respect to claims caused by the failure of that part. (*See* Coffman Depo. at 38:17-24, Doc. 112-11 [containing plaintiff's expert's candid admission that one of his duties was to help Plaintiff get around GARA by finding a part that was placed on the Subject Aircraft within 18 years of the accident].)

---

[3]  Hereinafter, referenced as "HBC's SOFs."
[4]  There is absolutely no evidence to support Plaintiff's claim that a single component located within the SLPS box -- a circuit board dealing with the right hand engine -- was replaced three months before the accident. Rather, the records for the airplane show that there was no such replacement. The individuals responsible for repairing and maintaining the plane have also testified that no circuit board in the SLPS box was replaced. Furthermore, it is undisputed that HBC did not manufacture the circuit board that was allegedly replaced. Therefore, HBC cannot be held liable for any defect in the circuit board, even if it was replaced.

It is anticipated, however, that Plaintiff will attempt to present evidence of alleged defects and causation linking other parts of the Subject Aircraft to the accident at issue in this case. For example, Plaintiff's experts were mostly critical of the design of the metal box that housed the SLPS circuit boards. They made several criticisms, including that the holes in the box permitted moisture and corrosive elements such as salt water to damage the circuit boards. It is uncontroverted, however, that this SLPS box was on the Subject Aircraft for more than 18 years prior to the accident. (*See* HBC's SOF 23 and Plaintiff's nonresponsive answer thereto.) As discussed in the Argument and Authority section, GARA generally bars products liability claims where the allegedly-defective part was installed more than 18 years prior to the accident, regardless of whether the Plaintiff can causally tie the part to the accident.

It is also anticipated that Plaintiff will attempt to present blanket evidence that certain of the King Air series aircraft (the civilian counterpart of this surplus military U-21) were "plagued by problems" because of the SLPS system. (Sommer Depo. at 55:23-56:14, Docs. 112-1 and 112-2.) According to Plaintiff's expert, Donald Sommer, "They were taking [the SLPS system] out of airplanes as quickly as they could because they were problematical." (Sommer Depo. at 56:20-22.)

Mr. Sommer, however, acknowledged that the SLPS removal kit was not applicable to the military version of the aircraft, which would include the Subject Aircraft. (Sommer Depo. at 82:22 – 83:7.) Further, there is no evidence anywhere in the record that the history of the SLPS system and why its inclusion in certain civilian aircraft was discontinued are in any way related to Plaintiff's claims in this case.

## II. ARGUMENT AND AUTHORITIES

### A. The General Aviation Revitalization Act

The General Aviation Revitalization Act, 49 U.S.C. § 40101 (Note 1994); Pub. L. 103-298, 108 Stat. 1552 (1994), provides an 18 year statute of repose specifically applicable to actions involving general aviation aircraft. It is applicable in all American courts, both state and federal. Aircraft in successful service for 18 years are conclusively deemed to be non-defective and cannot be the basis for any action, thus giving the relevant manufacturers appropriate "repose" from any further liability related to the aircraft.

Under GARA, if a new or replacement part is installed on an aircraft within the original 18-year period of repose, the repose period "rolls" and begins again as to the manufacturer of that newly-installed part, if the accident at issue was caused by that part. *E.g., Campbell v. Parker-Hannifin Corp.,* 82 Cal.Rptr.2d 202, 209 (Cal. Ct. App. 1999). For the rolling feature to apply, Plaintiff must: (1) identify a new or replacement part that was placed on the Subject Aircraft within 18 years before the accident; (2) direct her claims at that part's manufacturer; and (3) establish that the replacement part caused Plaintiff's injury. *Id.*

Because it is uncontroverted that GARA applies to the Subject Aircraft – and because the only exception Plaintiff identified is the replacement part provision – it stands to reason that Plaintiff should only be able to present evidence of alleged defects with respect to the single part that she claims was both (1) installed on the Subject Aircraft within 18 years of the accident and (2) causally related to the accident. *E.g., Sheesley v. Cessna Aircraft Co.,* 2006 WL 3042793 (D. S.D. October 24, 2006). In that case, defendant Cessna moved in limine to exclude the plaintiffs from presenting evidence of any defect in the accident aircraft other than the left westgate elbow. *Id.* at *6. First, the court determined that GARA barred a cause of action for defects other than the left westgate elbow, because that was the only part replaced within 18 years of the accident

5

that plaintiffs claimed was causally related to the accident. *Id.* at *7-8. The plaintiffs, therefore, could not recover for defects in parts or components other than the left westgate elbow. *Id.* at *8. Next, the court analyzed whether evidence of alleged defects in parts or components other than the left westgate elbow would be irrelevant under FED. R. EVID. 401 and/or more prejudicial than probative under FED. R. EVID. 403. The court determined that defects in the design of other parts or components would not be relevant to explain how a defective left westgate elbow caused the aircraft to crash. *Id.* at *8. Evidence that other parts or components were defective, therefore, was not relevant or admissible because GARA already barred Cessna from liability based upon those other parts or components. *Id.*

The court then considered whether – even if relevant – the evidence of defective design of the other parts or components should be excluded as more prejudicial than probative. *Id.* It found "substantial risk" of unfair prejudice because, "There is substantial risk that the jury will impermissibly infer that the left westgate elbow is defective because Cessna defectively designed other components." *Id.*

Further, allowing the plaintiffs to present evidence of defective design of parts or components for which GARA barred liability, would only "result in an unnecessary mini-trial" regarding the alleged defects, even though the plaintiffs could not recover for such defects. *Id.* In short, the court excluded evidence of design defects for which GARA barred recovery. *Id.* at *9. "Plaintiffs can only offer evidence of defects in parts that were replaced within 18 years of the accident." *Id.*

In the case at bar the only part that Plaintiff claims (1) was placed on the Subject Aircraft within 18 years of the accident and (2) is causally related to the accident is a circuit board for the right hand engine that she alleges was installed in March 2006. Her experts' criticisms of the

6

SLPS box, their generalized criticisms of the history that they say "plagued" the SLPS system, its discontinued use later airframes and engines and any other evidence, expert opinion, argument, or testimony concerning any other part should, therefore, be excluded from evidence at trial.

As in *Sheesley,* the evidence should be excluded both because it is irrelevant and because whatever probative value it may have is substantially outweighed by the risk of unfair prejudice, confusion of issues, and the danger of misleading the jury. The potential for unfair prejudice and misleading the jury is very real in this case. If, for example, Plaintiff is permitted to offer opinion testimony from her experts that: the SLPS box should "absolutely" be of a different design; it is the "worst-designed box" that one of her experts has ever seen in his life; "whoever designed this box, did not know anything about what they were doing;" and that the holes in the box are "ridiculous" and "not useful;" then the jury might well believe that Plaintiff can recover in this lawsuit if it finds that the SLPS box was, in fact, defectively designed. Alternatively, the jury may believe that the circuit boards were defectively designed based solely on a finding that the SLPS box was defective. (*See* Bloomfield Depo. at 72: 5–6; 73: 16–18; 74: 12-13; 132: 1-8, Doc. 128.)

Leaving aside the merits of those opinions, the admission of such testimony would be highly prejudicial. Allowing such evidence would be squarely contrary to GARA's conclusive determination that aspects of the aircraft over 18 years are not defective because they have been proven by the passage of time. It is undisputed that – even if the SLPS box was defectively designed and even if the defect caused Plaintiff's injuries – GARA precludes recovery for any claim based upon a defect in anything other than the one circuit board Plaintiff claims was

replaced in March 2006 (providing that Plaintiff can meet her burden of proof to show it was, in fact, replaced within 18 years and that it is causally related to the accident).

Nor should Plaintiff be heard to argue that the repose period for the SLPS box or the system as a whole is somehow tolled if the rolling provision applies to the circuit board. *E.g., Hiser v. Bell Helicopter Textron, Inc.,* 4 Cal.Rptr.3d 249 (Cal. Ct. App. 2003) (finding that the repose period only rolls for an entire system if every part within the system is replaced). Here, it is undisputed that the SLPS box was not replaced within 18 years of the accident.

### B.     The Florida Statute of Repose

The Florida Statute of Repose also supports HBC's motion in limine to exclude evidence of defects in any part or component of the Subject Aircraft other than the one circuit board Plaintiff claims was replaced in March 2006. Fla. Stat. § 95.031(2)(b). *See Butchosky v. Enstrom Helicopter Corp.,* 855 F. Supp. 1251, 1254, 1255 (S.D. Fla. 1993).

### III.    CONCLUSION

WHEREFORE, HBC respectfully requests this Court's order *in limine* to exclude from trial the admission of any evidence, argument, reference, opinion, and/or argument (whether direct or indirect), that any part, component, system, or subsystem of the Subject Aircraft – other than the one circuit board she claims was replaced in March 2006 – was defective or was in any manner causally related to Plaintiff's claimed injuries in this case. HBC further requests this Court grant its request for oral argument on the instant Motion, and for any other relief the Court deems just and appropriate.

### CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that pursuant to Local Rule 3.01(g), he has attempted several times to confer with counsel for Plaintiff regarding the relief requested herein, but has been unable to do so. Counsel for HBC further certifies that he will continue in his attempts to

confer with Plaintiff's counsel and will supplement the Motion with a statement certifying whether or to what the extent the parties have resolved the issues presented herein.

Respectfully submitted,

*/s/ L. Robert Bourgeois*
L. Robert Bourgeois, Esquire
Florida Bar No: 0781540
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Boulevard, Suite 1500
Tampa, FL  33602
Telephone No:  (813)221-1500
Fax No:       (813)222-3066
Email: bbourgeois@bankerlopez.com
*Attorneys for Defendant Hawker Beechcraft Corp.*

Michael G. Jones, Esquire
MARTIN, PRINGLE, OLIVER, WALLACE
& BAUER, LLP
500 Bank of America Center
100 N. Broadway, Suite 500
Wichita, KS 67202
Telephone No.:       (316) 265-9311
Fax No.:              (316) 265-2955
Email:  mgjones@martinpringle.com
*Of Counsel for Defendant Hawker Beechcraft Corp.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 4, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ L. Robert Bourgeois* _____
L. Robert Bourgeois, Esquire
Florida Bar No: 0781540
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Boulevard, Suite 1500
Tampa, FL  33602
Telephone No:  (813)221-1500
Fax No:       (813)222-3066
Email: bbourgeois@bankerlopez.com
*Attorneys for Defendant Hawker Beechcraft Corp.*

Michael G. Jones, Esquire
MARTIN, PRINGLE, OLIVER, WALLACE
& BAUER, LLP
500 Bank of America Center
100 N. Broadway, Suite 500
Wichita, KS 67202
Telephone No.:       (316) 265-9311
Fax No.:             (316) 265-2955
Email:  mgjones@martinpringle.com
*Of Counsel for Defendant Hawker Beechcraft Corp.*

**SERVICE LIST**
**HUISMAN V HAWKER BEECHCRAFT, ET AL.**
**CASE NO: 8:08-CV-1074-T-26EAJ**

| | |
|---|---|
| Ricardo M. Martinez-Cid, Esquire<br>Florida Bar No.: 383988<br>Steven S. Marks, Esquire<br>Florida Bar No.: 516414<br>PODHURST ORSECK, P.A.<br>25 West Flagler Street, Suite 800<br>Miami, FL 33130<br>Telephone No.: (305) 358-2800<br>Fax No.: (305) 358-2382<br>Email: rmcid@podhurst.com<br>Email: smarks@podhurst.com<br>*Attorneys for Plaintiff*<br>Service by: CM/ECF | **Anaysa Gallardo, Esquire**<br>**Richard M. Dunn, Esquire**<br>COZEN O'CONNOR<br>Wachovia Financial Center<br>200 S. Biscayne Boulevard, Suite 4410<br>Miami, FL 33131<br>Telephone No.: (305) 704-5940<br>Fax No.: (305) 704-5955<br>Email: agallardo@cozen.com<br>Email: rdunn@cozen.com<br>*Attorneys for Defendant*<br>*Pratt & Whitney Canada*<br>Service by: CM/ECF |